DATE FILED: March 8, 2018 5:25 PM
FILING ID: E3CD63D943515
CASE NUMBER: 2018CV30224

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>Boulder Justice Center, 1777 6th Street, Boulder, CO 80302<br>Phone: 303-441-3750 | |
| Plaintiffs:<br><br>Donna M. Sands and Robert C. Sands<br><br>v.<br><br>Defendants:<br><br>Integon National Insurance Company | ▲COURT USE ONLY▲ |
| **ATTORNEYS FOR PLAINTIFFS:**<br><br>Michael S. Burg, Reg. No. 7143<br>Thomas W. Henderson, Reg. No. 16892<br>Holly B. Kammerer, Reg. No. 21752<br>Jessica L. Derakhshanian, Reg. No. 46288<br>Burg Simpson Eldredge Hersh & Jardine, P.C.<br>40 Inverness Drive East<br>Englewood, Colorado, 80112<br>Phone No.: (303) 792-5595<br>Fax No.: (303) 708-0527<br>Email: mburg@burgsimpson.com<br>        thenderson@burgsimpson.com<br>        hkammerer@burgsimpson.com<br>        jderakhshanian@burgsimpson.com | Case No.<br><br>Ctrm/Div: |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, Donna and Robert Sands, by and through their undersigned counsel, submit this Complaint and Jury Demand against Defendant, Integon National Insurance Company:

### Parties

1. Plaintiffs, Donna and Robert Sands (collectively, "Plaintiffs"), at all material times, were married and were Colorado residents, residing at 9221 Woodland Drive, Highlands Ranch, CO 80126.

2. Defendant Integon National Insurance Company is an insurance company held by National General Holdings Corp., is incorporated outside of Colorado, is domiciled in North

**EXHIBIT 1**

Carolina, and is authorized to do business and does business in the State of Colorado. Integon is hereinafter referred to as "National General."

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9, as the court of general jurisdiction for the State of Colorado.

4. This Court has personal jurisdiction over National General because it is authorized to sell and does sell insurance in the State of Colorado.

5. Venue is proper in Boulder County, pursuant to C.R.C.P. 98(c)(1), because National General is a nonresident of Colorado and Plaintiffs designate Boulder in this Complaint.

## Facts

6. Donna Sands applied for short term medical insurance with National General through an application dated May 22, 2017, requesting $1 million of coverage, to take effect June 1, 2017.

7. National General accepted Ms. Sands' May 22, 2017 application and issued short term medical insurance with limits of $1 million for the coverage period of June 1, 2017 through August 31, 2017, which was assigned Policy No. 11002GD_1101FCO-MM672085043 (the "First Policy").

8. Before the First Policy expired, Ms. Sands applied for a second short term medical insurance policy with National General, through an application dated August 18, 2017, requesting $1 million of coverage, to take effect on August 31, 2017.

9. National General accepted Ms. Sands' August 18, 2017 application and issued short term medical insurance with limits of $1 million for the coverage period of August 31, 2017 through November 28, 2017, which was assigned Policy No. 11002GD_1101FCO-MM672267160 (the "Second Policy"). The First Policy and Second Policies are sometimes collectively referred to as "the Policies".

10. During the term of the First Policy, Ms. Sands suffered a brain bleed injury that necessitated her to be hospitalized at Sky Ridge Medical Center ("Sky Ridge"), during which hospitalization she was required to undergo a craniotomy, followed by a lengthy inpatient rehabilitation and follow-up care at Sky Ridge.

11. Ms. Sands' care was transferred from Sky Ridge to the Life Care Center of Stonegate ("Stonegate"), still on an inpatient basis, on August 31, 2017.

EXHIBIT 1

12. Ms. Sands suffered a fall while under the care of Stonegate on or about September 10, 2017, following which she needed additional care and treatment.

13. On or about September 16, 2017, Ms. Sands' inpatient care was transferred from Stonegate back to Sky Ridge.

14. On September 17, 2017, Ms. Sands underwent a second craniotomy at Sky Ridge, during which hospitalization she again received inpatient rehabilitation and follow-up care.

15. On September 22, 2017, Ms. Sands' care was transferred to HealthSouth, still on an inpatient basis.

16. Following an adverse reaction to a medication, Ms. Sands was moved back to Sky Ridge on September 25, 2017, where she remained until September 29, 2017, at which time she was moved back to HealthSouth.

17. Ms. Sands remained in the care of Health South, on an inpatient basis from September 29, 2017 until she was released on October 7, 2017.

18. At all times during the above-described health care, Ms. Sands was insured by National General under the First Policy and the Second Policy.

19. Ms. Sands' bills for her health care total over $500,000, all of which were submitted for payment to National General.

20. To date, National General has not paid a single bill for Ms. Sands' health care, in spite of all of this care being covered under at least the First Policy, if not also the Second Policy.

21. National General has used Meritain Health, an Aetna Company ("Meritain Health") as the administrator for Ms. Sands' short term medical care claims under the Policies.

22. National General is fully responsible for all actions and inactions of Meritain Health and they are collectively referred to herein as "National General."

23. At no time has National General ever provided an explanation for why it has failed to pay any of Ms. Sands' health care bills.

24. The Policies provide, in pertinent part:

**DESCRIPTION OF BENEFITS**

We will pay Covered Expenses due to Injury of Sickness. … Covered Expenses must be incurred while this coverage is in force, and are subject to the terms, conditions, limitation, exclusions, and maximums stated in this Policy.

**EXHIBIT 1**

**HOSPITAL COVERED EXPENSES**

We will pay Covered Expenses if a Covered Person incurs the following charges for and is Confined in a Hospital for more than 24 hours, due to injuries received in an Accident or due to a Sickness. The Confinement to a Hospital must begin while this Policy is in force.

**INPATIENT DOCTOR VISITS**

We will pay Covered Expenses incurred for treatment provided by a Doctor during a Hospital. [sic]

**EMERGENCY ROOM**

We will pay for Emergency treatment of an Injury, even if Hospital confinement is not required and Emergency treatment of a Sickness [sic];
…

**SKILLED NURSING FACILITY**

We will pay Covered Expenses in a Skilled Nursing Facility subject to the following. The Skilled Nursing Facility care must be:

a. Provided is lieu of acute hospitalization; or

b. For the same condition that required a Hospital confinement and the Insured must enter the Skilled Nursing Facility within 14 days after discharge from the Hospital after a confinement of at least 3 days.

25. The Policies further provide, in pertinent part:

**Time of Payment of a Claim**

We will pay any benefits due not more than 60 days after We receive written proof of loss.

26. The Policies also provide, in pertinent part:

**Extension of Benefits**

If a Covered Person is Totally Disabled as a result of Sickness or Injury, and received treatment for such condition on the date his or her coverage under this Policy terminates, We will pay benefits for that Sickness or Injury, subject to the applicable Maximum Amounts shown in the Benefit Schedule. The extension of benefits terminates on the earliest of the following:

**EXHIBIT 1**

    1.    the end of treatment for the Sickness or Injury that caused the Total Disability.

    2.    the date the Total Disability ends;

    3.    the end of the 90 days following the date coverage terminated;

    4.    the date the Covered Person becomes eligible for any other insurance plan providing coverage for the same conditions causing the Total Disability; or

    5.    the date the Coverage Period Maximum Benefit amount has been reached.

No payment will be made under this provision beyond 90 days from the date of termination of coverage.

27. Ms. Sands incurred over $500,000 in Covered Expenses for health care for her Injuries resulting from an Accident, all within the scope of the short term medical insurance coverage provided by the Policies.

28. To date, long after the expiration of the 60-day period in which National General agreed to pay each claim for Covered Expenses, National General still has not paid a single claim.

29. National General has never paid any of Ms. Sands' health care expenses incurred during the Policy Period of the First Policy.

30. National General has never paid any of Ms. Sands' health care expenses incurred during the 90 days following the end of the First Policy Period pursuant to the above-quoted Extension of Benefits provision, or during the Policy Period of the Second Policy

31. National General has never provided to Donna or Robert Sands an Explanation of Benefits ("EOB") or any written explanation of why it was not paying for any of Ms. Sands' health care expenses. The only EOBs ever provided claim that they are awaiting additional information from Ms. Sands, and that their claim determination will be made within 30 days of being provided with that information.

32. Ms. Sands and Mr. Sands provided the information National General requested that they claimed they needed to process Ms. Sands' claims within 30 days at least 3 times, including once by certified mail, yet National General persisted in claiming they had not received the information and National General has not paid a dime of Ms. Sands' health care claims.

33. As a direct result of National General's failure to pay the claims it promised in the First Policy and Second Policy it would pay, Donna and Robert Sands have worried endlessly that their life savings would be exhausted and they may be forced into bankruptcy.

**EXHIBIT 1**

34. Donna and Robert Sands have endured countless collection calls, notices and threats from Ms. Sands' health care providers and/or collection agencies used by these providers because of National General's wholesale failure to pay any of their bills for Ms. Sands' covered health care.

35. The concern for their financial well-being, as well as the collection efforts, have resulted in Donna and Robert Sands suffering from emotional distress, including anxiety, sleepless nights, and other symptoms of stress.

36. Late in 2017, when Donna and Robert Sands began receiving angry calls from their health care providers and collection agencies over the non-payment of their bills, the Sands requested that National General provide copies of their Policies, but National General repeatedly ignored the Sands' requests, only providing the Policies after the Sands were forced to hire legal counsel to represent them and request the Policies to be provided.

37. The Sands repeatedly called National General to inquire about the status of payment of the claims, and were repeatedly told, usually by a different claims person every time, they (National General) had not received information in spite of the fact the Sands had already provided that information to National General and had verification proving National General had received the information.

38. During at least one of the Sands' calls to National General, the Sands were advised by the claims handler that she had a 30-minute time limit that she was not allowed to exceed for responding to questions from policyholders, so she quickly concluded the call.

39. National General refused to acknowledge that either Policy provided coverage for Ms. Sands' health care until after the Sands were forced to hire legal counsel to advocate for them by sending letters asking National General why it had not paid any benefits.

40. Finally, by letter dated March 1, 2018, nearly seven months after Ms. Sands' initially received health care for her Accident, National General advised:

**Benefit Determination**

We have completed our review and have determined that claims are eligible for payment subject to the terms, conditions, limitations, exclusions, and maximums stated in [the First Policy]. Ms. Sands is eligible for a 90 day extension of benefits under [the First Policy].

41. This March 1, 2018 letter still fails to advise the Sands that National General will actually be issuing any payments for Ms. Sands' health care.

42. The Sands have been forced to pay out of their own pockets approximately $31,000 to some of Donna Sands' health care providers, although the deductible under each Policy is only $5,000, as a result of National General's failure to pay the benefits owed under the Policies.

**EXHIBIT 1**

## First Claim for Relief
(Breach of Contract)

43. Donna and Robert Sands incorporate all allegations set forth elsewhere in this Complaint, as though fully set forth herein.

44. The First Policy provides coverage for Ms. Sands' health care expenses for the full term of that Policy, June 1, 2017 through August 31, 2017.

45. The First Policy also provides coverage for Ms. Sands' health care expenses for 90 days after August 31, 2017, through November 28, 2017, related to her total disability because she continued to receive treatment for her total disability on August 31, 2017.

46. National General acknowledged in its March 1, 2018 letter that Ms. Sands is "eligible" for the 90-day extension of benefits under the First Policy.

47. The Second Policy provides coverage for Ms. Sands' health care expenses for the full term of that Policy, August 31, 2017 through November 28, 2017.

48. Donna Sands and her health care providers timely and properly submitted claims to National General for her covered health care expenses under the First Policy and Second Policy.

49. National General has failed to pay any of Ms. Sands' health care expenses, in breach of the First Policy and the Second Policy.

50. National General's breaches of the First Policy and the Second Policy have caused the Sands damages in the amounts of the unpaid benefits, and for the out-of-pocket sums the Sands have been forced to pay, above and beyond the deductible and any co-pays.

## Second Claim for Relief
(Statutory Delay/Denial; Violation of C.R.S. §§ 10-3-1115 & 1116)

51. Donna and Robert Sands incorporate all allegations set forth elsewhere in this Complaint, as though fully set forth herein.

52. The benefits owed to Ms. Sands under the First Policy, both for health care expenses incurred during the First Policy and incurred during the 90 days following the expiration of the First Policy pursuant to the Extension of Benefits section, and under Second Policy, include payment of Ms. Sands' health care expenses submitted to National General for payment.

53. National General has failed to pay any of the benefits owed to Ms. Sands under the Policies.

54. Even if National General were to start paying the long-overdue benefits now, the timing of said payments were delayed.

**EXHIBIT 1**

55. National General's failure to pay, and/or delay in payment of the benefits owed under the Policy was without a reasonable basis, in violation of C.RS. §10-3-1115.

56. National General's violation of C.R.S. §10-3-1115 entitles Ms. Sands to the remedies provided in C.R.S. §10-3-1116, including two times the covered benefit, plus attorney fees and costs.

### Third Claim for Relief
(Common Law Bad Faith)

57. Donna and Robert Sands incorporate all allegations set forth elsewhere in this Complaint, as though fully set forth herein.

58. The First Policy provides coverage for Ms. Sands' health care expenses incurred during the Policy Period of the First Policy, during the 90 days following the expiration of the First Policy pursuant to the Extension of Benefits section, and for health care expenses incurred during the Policy Period of the Second Policy.

59. National General has failed to pay to or on behalf of Ms. Sands the health care expenses owed under the Policies, and has failed to reimburse Ms. and Mr. Sands for their out-of-pocket health care expenses incurred because of National General's failure to honor its obligations to pay under the Policies.

60. National General at all times owed and continues to owe to Ms. Sands and Mr. Sands the duty of good faith and fair dealing.

61. National General's failure to pay and/or failure to timely pay the benefits owed, and National General's other conduct, as more fully described above, is a breach and continues to be a breach of this duty.

62. Ms. Sands and Mr. Sands have now been forced to sue National General just to get National General to pay the benefits owed under the Policies, and to honor all of the obligations National General owes to them.

63. By its actions and inactions, National General has engaged, and continues to engage in one or more of the following acts, some of which are considered Unfair Claim Settlement Practices, pursuant to C.R.S. §10-3-1104(1)(h):

    a. unreasonably failing to pay the claims;

    b. unreasonably failing to properly construe the Policy;

    c. unreasonably failing to make payments in a reasonable and timely manner;

**EXHIBIT 1**

d.  misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue [C.R.S. §10-3-1104(1)(h)(I)];

e.  failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy [C.R.S. §10-3-1104(1)(h)(II)];

f.  failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies [C.R.S. §10-3-1104(1)(h)(III)];

g.  refusing to pay claims without conducting a reasonable investigation based upon all available information [C.R.S. §10-3-1104(1)(h)(IV)];

h.  not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear [C.R.S. §10-3-1104(1)(h)(VI)];

i.  compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds [C.R.S. §10-3-1104(1)(h)(VII)];

j.  failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement [C.R.S. §10-3-1104(1)(h)(XIV)];

k.  failing to act reasonably in the adjustment and resolution of the claims when National General was aware or should have been aware of its negligence;

l.  failing to comply with reasonable standards in connection with the investigation, resolution and adjustment of the claims;

m.  unreasonably denying or failing to affirm coverage for the claims within a reasonable time after investigation;

n.  continuously and without a reasonable basis, other than pretext, disputing matters for which there was a clear obligation of payment of the claims under the terms of the Policies;

o.  unreasonably and in violation of the terms of the Policies asserting a right to deny coverage based upon erroneous pre-textural determinations with regard to National General's coverage obligations for the claims;

**EXHIBIT 1**

  p. unreasonably failing to promptly, properly or adequately provide reasonable explanations for National General's assertions and failing to make payments in accordance with the terms of the Policies;

  q. creating artifices, pre-textural decisions, and otherwise engaging in a course of conduct designed and calculated to delay reasonable and appropriate resolution of the claims; and,

  r. unreasonably engaging in a course of conduct designed to hamper, delay, thwart and prevent the timely, reasonable or proper resolution of the claims; and

64. The above-described actions and inactions of National General show that it has acted unreasonably toward Donna and Robert Sands.

65. National General knew that this conduct was unreasonable, or recklessly disregarded the fact that its conduct was unreasonable.

66. National General's unreasonable conduct has caused Donna and Robert Sands out-of-pocket expenses and emotional distress and other injuries and damages described above.

67. National General's bad faith conduct toward Ms. Sands and Mr. Sands was conducted in a willful, wanton and reckless disregard of Ms. Sands' and Mr. Sands' rights and feelings.

**WHEREFORE**, Plaintiffs pray this Honorable Court to:

1. Enter judgment in favor of Donna Sands and Robert Sands and against National General for their losses and damages resulting from National General's failure to honor the terms of the First Policy and Second Policy; for their emotional distress; and, for other bad faith damages;

2. Award the remedies provided in C.R.S. § 10-3-1116(1), including two times the amount of the covered benefit, plus attorney fees and costs;

3. Award prejudgment and post-judgment interest and costs; and

4. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY A JURY ON ALL ISSUES SO TRIABLE.**

**EXHIBIT 1**

Respectfully submitted this 8th day of March, 2018.

          **BURG SIMPSON**
          **ELDREDGE HERSH & JARDINE, P.C.**
          *(Original signed copy on file at the law offices*
          *of Burg Simpson Eldredge Hersh & Jardine, P.C.)*

          */s/ Thomas W. Henderson*
          Michael S. Burg, Reg. No. 7143
          Thomas W. Henderson, Reg. No. 16892
          Holly B. Kammerer, Reg. No. 21752
          Jessica L. Derakhshanian, Reg. No. 46288

          ATTORNEYS FOR PLAINTIFFS

<u>Plaintiffs' Address</u>:
9221 Woodland Drive
Highlands Ranch, CO 80126

**EXHIBIT 1**

| | |
|---|---|
| District Court, Boulder County, Colorado<br>Court Address: Boulder Justice Center<br>1777 6th Street<br>Boulder, CO 80302<br>Telephone: 303-441-3750 | DATE FILED: March 8, 2018 5:25 PM<br>FILING ID: E3CD63D943515<br>CASE NUMBER: 2018CV30224 |
| Plaintiffs: Donna M. Sands and Robert C. Sands<br><br>v.<br><br>Defendant: Integon National Insurance Company | ▲   COURT USE ONLY   ▲<br>Case Number:<br><br>Division:       Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:**     Integon National Insurance Company
Colorado Department of Insurance
1560 Broadway, Suite 110 (Welcome Center)
Denver, CO 80202

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: _March 8, 2018_____
.

BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.

*Original signature of Thomas W. Henderson on file at Burg Simpson Eldredge Hersh & Jardine, P.C.*

/s/ Thomas W. Henderson
Michael S. Burg, Reg. No. 7143
Thomas W. Henderson, Reg. No. 16892
Holly B. Kammerer, Reg. No. 21752
Jessica L. Derakhshanian, Reg. No. 46288
40 Inverness Drive East
Englewood, Colorado 80112
(303) 792-5595
*Attorneys for Plaintiffs Donna M. Sands and Robert C. Sands*

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

**EXHIBIT 1**

been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

**EXHIBIT 1**

| | |
|---|---|
| District Court, Boulder County, Colorado<br>Court Address: Boulder Justice Center<br>1777 6th Street<br>Boulder, CO 80302<br>Telephone: 303-441-3750 | DATE FILED: March 8, 2018 5:25 PM<br>FILING ID: E3CD63D943515<br>CASE NUMBER: 2018CV30224 |
| Plaintiffs: Donna M. Sands and Robert C. Sands<br><br>v.<br><br>Defendant: Integon National Insurance Company | ▲      COURT USE ONLY      ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Michael S. Burg, Reg. No. 7143<br>Thomas W. Henderson, Reg. No. 16892<br>Holly B. Kammerer, Reg. No. 21752<br>Jessica L. Derakhshanian, Reg. No. 46288<br>40 Inverness Drive East<br>Englewood, Colorado 80112<br>Phone Number: 303-792-5595   E-mail: mburg@burgsimpson.com<br>FAX Number:  303-708-0527        thenderson@burgsimpson.com<br>                                                       hkammerer@burgsimpson.com<br>                                                       jderakhshanian@burgsimpson.com | Case Number:<br><br><br><br><br>Division          Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

    ☐ This case is governed by C.R.C.P. 16.1 because:

    - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

    - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

    ☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

    ☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

    ☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

    ☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

JDF 601SC   R7-15   DISTRICT COURT CIVIL (CV) CASE COVER SHEET             Page 1 of 2

**EXHIBIT 1**

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

❏ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

    ❏ C.R.C.P. 16.1 applies to this case.

    ❏ C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

*(Original signed copy on file at the law offices of Burg Simpson Eldredge Hersh & Jardine, P.C.)*

Date: __March 8, 2018_____     _/s/Thomas w. Henderson_____
                                                   Signature of Party or Attorney for Party

**EXHIBIT 1**