IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00714-PAB-NYW

DONNA M. SANDS,

    Plaintiff,

v.

INTEGON NATIONAL INSURANCE COMPANY, and
MERITAIN HEALTH, INC.,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff['s] Motion to Strike Defendants' Designation of Thomas Henderson, Esq. as a Trial Witness [Docket No. 126].

## I. BACKGROUND

On May 22, 2017, defendant Integon National Insurance Company ("Integon")[1] issued plaintiff a short term medical insurance policy with a $1 million limit covering the period from June 1, 2017 through August 31, 2017 ("First Policy"). Docket No. 63 at 3, ¶ 9. On August 18, 2017, Integon issued a second short term policy with a $1 million limit covering the period from August 31, 2017 through November 28, 2017 ("Second Policy"). *Id.*, ¶ 10. Sometime "[d]uring the term of the First Policy, [plaintiff] suffered a brain bleed injury" and was hospitalized and underwent craniotomy surgery and subsequent inpatient rehabilitation. *Id.*, ¶ 11. While in rehabilitation, plaintiff fell, which

---

[1] National General Holdings Corporation is the holding company for Integon, and plaintiff generally refers to National General instead of Integon in her complaint. Docket No. 63 at 1, ¶ 2.

required "additional care and treatment," including a second craniotomy.  *Id.*, ¶¶ 13, 15.  Plaintiff was released from inpatient care on October 7, 2017.  *Id.* at 4, ¶ 18.  Her medical bills totaled over $500,000, which were all submitted to Integon "and/or" Meritain Health, LLC ("Meritain").  *Id.*, ¶ 20.  Defendants "did not begin issuing payments for [plaintiff's] health care until after" plaintiff filed suit.  *Id.*, ¶ 21.  Plaintiff has paid "over $31,000" out of pocket.  *Id.* at 9, ¶ 44.

On March 8, 2018 plaintiff filed suit in state court.  See Docket No. 1-1.  Integon removed the case to federal court on March 27, 2018.  See Docket No. 1.  In her amended complaint, plaintiff brings claims for breach of contract against Integon, unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 against Integon and Meritain, statutory delay under Colo. Rev. Stat. § 10-16-106.5 against Integon and Meritain, common law bad faith against Integon and Meritain, and aiding and abetting a tortious act against Meritain.  See Docket No. 63 at 10-17.

In the final pretrial order, defendants identify one of the issues for trial as whether one of plaintiff's attorneys, Thomas Henderson, may be called as a witness "to testify regarding his communications with Integon and its representatives," and include him on their witness list.  Docket No. 113 at 18; Docket No. 113-2 at 1.  Defendants' supplemental witness list states that defendants will call Mr. Henderson to testify about the computation of plaintiff's alleged damages.[2]  Docket No. 120 at 6.  Plaintiff seeks to

---

[2] Although defendants originally listed Mr. Henderson as a witness as to communications between plaintiff and defendants, defendants' response brief concedes that "other witnesses may offer testimony concerning communications between Mr. Henderson and [d]efendants."  Docket No. 127 at 1 n.1.  The Court construes this statement as defendants' agreement to not call Mr. Henderson to discuss such communications and, as a result, the Court does not analyze whether Mr.

2

strike defendants' designation of Mr. Henderson as a trial witness, arguing that his designation acts as a motion to disqualify Mr. Henderson as plaintiff's counsel. Docket No. 126 at 3.

## II. LEGAL STANDARD

The District of Colorado applies the Colorado Rules of Professional Conduct when determining whether an attorney should be disqualified. *See World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). The Colorado Rules of Professional Conduct state:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless: 1) the testimony relates to an uncontested issue; 2) the testimony relates to the nature and value of legal services rendered in the case; or 3) disqualification of the lawyer would work substantial hardship on the client.

Colo. R. Prof. Conduct 3.7(a). An attorney is "likely to be a necessary witness" if the attorney's testimony is "relevant, material and unobtainable elsewhere." *World Youth Day*, 866 F. Supp. at 1302 (citation omitted). Courts are to consider "the nature of the case, with emphasis on the subject of the lawyer's testimony, the weight the testimony might have in resolving disputed issues, and the availability of other witnesses or documentary evidence which might independently establish the relevant issues." *Fognani v. Young*, 115 P.3d 1268, 1274 (Colo. 2005). The moving party has the burden of proving disqualification. *Chung v. Lamb*, No. 14-cv-3244-WYD-KLM, 2016 WL 11548225, at *1 (D. Colo. May 17, 2016).

---

Henderson is a necessary witness on these topics.

3

### III. ANALYSIS

Before discussing the specifics of defendants' motion, it is worthwhile to consider the bigger picture.  In interrogatory responses and in deposition testimony, plaintiff indicated that her damages calculations derived from her attorney and that she lacks personal knowledge of such calculations.  *See* Docket No. 127 at 3-5.  As a result, plaintiff herself will not be able to lay the foundation for such calculations' admission.  In this situation one would normally expect that defendants would seek to prevent the only potential witness, Mr. Henderson, from testifying about the calculations since that appears to be the one chance for plaintiff to get the calculations into evidence.  Remarkably, however, it is defendants who are trying to call Mr. Henderson as a witness on the damages issue, thereby going from a situation where plaintiff has no damages expert to one where she potentially does.  However, as discussed below, there is no reason to go down this rabbit hole to Wonderland.

Plaintiff argues that the designation of Mr. Henderson effectively acts as a motion to disqualify Mr. Henderson as trial counsel.  Docket No. 126 at 3.  Defendants argue that "[p]laintiff converted [d]efendants' designation into a motion to disqualify [p]laintiff's attorneys at trial," and, as a result, "respond accordingly."  Docket No. 127 at 1-2.

Defendants argue that Mr. Henderson is a necessary witness as to the topic of plaintiff's alleged damages because he is the one who calculated those damages.  *Id.* at 3.  Defendants point to several places where plaintiff responded to interrogatories that her attorneys calculated her damages.  *Id.* at 3-4.  Additionally, defendants argue

that plaintiff, in depositions, (1) "acknowledged the [damages] chart was prepared by her attorneys," (2) "believed" the information in the chart was taken from her explanation of benefits, (3) was not sure if the chart "comported with [p]laintiff's own personal 'ledger,'" and (4) "did not know if the amount on her personal ledger was about the same as the amount set forth in the chart prepared by her attorneys." *Id.* at 5. In regards to plaintiff's husband, defendants argue that he does not know the exact amount plaintiff was due and never compared the attorneys' calculations to his notes regarding plaintiff's bills, payments made in the explanation of benefits, or the amounts due from plaintiff. *Id.* at 6-7. As a result, defendants argue that neither plaintiff nor her husband are able to testify regarding plaintiff's damages and Mr. Henderson, as the one who created the damages chart, is the only one qualified to testify as to damages. In particular, defendants offer eight questions they believe only Mr. Henderson is qualified to answer, making him a necessary trial witness. *See id.* at 11-12.

Plaintiff argues that she is "more than capable of testifying as to her purchase of a health insurance policy, reasonable expectations regarding the coverages purchased, and [d]efendants' failure to pay her legitimate claims." Docket No. 128 at 6. Furthermore, plaintiff discusses several witnesses for each of defendants' eight questions who could provide the proper testimony, therefore making Mr. Henderson an unnecessary witness. *Id.* at 6-10.

The Court agrees with plaintiff that Mr. Henderson is not a necessary trial witness and, as a result, his designation as a witness should be struck. The Court first notes that it is plaintiff who bears the burden of proving her damages. *See Goodson v.*

*Am. Standard Ins. Co.*, 89 P.3d 409, 415 (Colo. 2004) ("Insureds have the burden of proving each element of a claim for bad faith breach of insurance contract, including damages, by a preponderance of the evidence."). If plaintiff's witnesses are unable to meet that burden, or if defendants believe that those witnesses' calculations are not credible, defendants may discuss these issues during cross-examination. However, questions about credibility or plaintiff's ability to meet her burden does not give defendants the ability to disqualify plaintiff's trial attorney by calling him as a witness simply because, in previous depositions, plaintiff relied on her attorneys' help in calculating her damages.

Most importantly, however, is that for each of the questions, defendants have failed to demonstrate that Mr. Henderson's alleged testimony is "unobtainable elsewhere." *World Youth Day*, 866 F. Supp. at 1302 (citation omitted). Indeed, defendants fail to support their claim in any fashion that Mr. Henderson is the only one who could provide this information. Because Mr. Henderson is not a necessary witness, and calling him would result in his disqualification, the Court will grant plaintiff's motion to strike Mr. Henderson as one of defendants' trial witnesses.[3]

---

[3] Defendants also argue that plaintiff's counsel's "offer to dismiss a potentially viable claim . . . raises an inherent conflict in [p]laintiff's attorneys' continued representation." Docket No. 127 at 12. However, because the Court finds that Mr. Henderson is not a necessary witness and, therefore, any perceived need to dismiss any of plaintiff's claims is gone, defendants' argument is moot and the Court does not address it.

## IV.  CONCLUSION

Wherefore, it is

**ORDERED** that  Plaintiff['s] Motion to Strike Defendants' Designation of Thomas Henderson, Esq. as a Trial Witness [Docket No. 126] is **GRANTED**.

DATED November 30, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge